John C. HOLZ, Plaintiff,

v.

Joseph W. WESTPHAL, Defendant.

Civil Action No. 00–2237(LFO).

United States District Court,
District of Columbia.

July 13, 2004.

John A. Wickham, Evergreen, CO, for Plaintiff.

Laurie J. Weinstein, Thomas M. Ray, Claes H. Lewenhaupt, Gary Philip–Matthew Corn, United States Attorney's Office, Washington, DC, for Defendant.

## ORDER

OBERDORFER, District Judge.

Pending is plaintiff John C. Holz's Motion for Attorney Fees (docket # 56). Holz sued under the Privacy Act for amendment of records generated during a United States Army Criminal Investigation Division ("CID") investigation of him that was ultimately terminated for lack of any Army interest. This Court granted summary judgment in Holz's favor. Holz now seeks fees and expenses as a prevailing party under the fee-shifting provisions of the Privacy Act, 5 U.S.C. § 552a(g)(2)(B), and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

The parties dispute whether Holz is entitled to fees but have filed a Joint Stipulation (docket # 66) providing that, "should the Court award attorney fees in [this] case, the amount of attorney fees and expenses to be awarded shall be Sixty Thousand Dollars ($60,000)."

Defendant argues that plaintiff cannot recover fees under the EAJA because that Act does not apply to cases which are governed by a specific fee-shifting statute

(here, the Privacy Act). Defendant also argues that this Court should exercise its discretion to deny plaintiff's request for fees under the Privacy Act because defendant's position during litigation was reasonable.

Plaintiff does not appear to be relying on the EAJA as a separate, independent basis for a fee award, but rather using it to supplement perceived gaps in the Privacy Act as to the standards for such awards. In any event, there is no need to consider whether attorney fees are separately available under the EAJA because plaintiff is entitled to fees, under the Privacy Act.

The Privacy Act provides that courts "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this paragraph in which the complainant has substantially prevailed." 5 U.S.C. § 552a(g)(2)(B). There is no dispute that plaintiff "substantially prevailed" on his Privacy Act claim, and reasonable attorney fees thus "may" be assessed against the United States.

■ The legislative history confirms that courts should exercise discretion in determining whether to award attorney fees to a prevailing party: "It is intended that such award of fees not be automatic, but rather, that the courts consider criteria as delineated in the existing body of law governing the award of fees." 18 H.R.Rep. No. 1416, 93d Cong., 2d Sess. 17.

Defendant argues that fees are not appropriate here because its position leading up to and during litigation was reasonable. Holz, using the language of the EAJA, claims he is entitled to fees because defendant's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Any dispute as to whether the test is "reasonableness" or "substantial justification" is more illusory than real: the standard under the EAJA for whether a position was

"substantially justified" is "whether there was a reasonable basis in fact and law" for it. *Public Citizen Health Research Grp. v. Young,* 909 F.2d 546, 552 (D.C.Cir.1990) (citing *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). At bottom, then, the parties agree that one factor for this court to consider in exercising its discretion as to attorney fees is whether defendant acted reasonably.

Defendant argues, in essence, that it was reasonable for the Army to refuse to make the amendment Holz requested— namely, removing his name from the title of the investigative reports—because its refusal was based on Army and Department of Defense regulations.

■ This argument is not persuasive. As explained in the Order granting summary judgment (the "Order") to Holz,

> Army regulations governing CID operations provide that "[t]he Army has investigative authority *whenever an Army interest exists* ...." AR 195–2 ¶ 3–1(b) ... As stated in the final [Report of Investigation, or "ROI"], however, the Army ultimately ... conclud[ed] that the investigation had to be terminated because "the offenses were committed by a civilian, who is not subject to the [Uniform Code of Military Justice], there are *no* violations of federal criminal statutes with which the person can be charged, and *no other U.S. Army interest exists.*"

*Holz v. Westphal,* 217 F.Supp.2d 50, 55 (D.D.C.2002) (emphasis added in original). The Order also cited the Army "standard for titling, [under which] '[a] person will not be reported as the subject of an offense without probable cause supported by corroborating evidence.'" *Id.* at 52 n. 1 (citing AR 190–45 ¶ 4.2.B). The probable cause determination includes an assessment of whether there is probable cause to

believe that an Army interest exists. *See Review of Titling and Indexing Procedures Utilized by the Defense Investigative Organizations*, at 5 (Report by Dep't of Defense Inspector General, IG No. 91FBD013, May 1991) ("The probable cause determination considers [whether there is] sufficient probable cause to believe that an offense subject to the Uniform Code of Military Justice was committed. . . ."). If there is not, "the case is closed and the individual's name is removed from the title block." *Id.* As noted in the Order, the reports at issue here contained no "express determination that . . . 'probable cause' existed to warrant Holz's name being designated in the ROI's subject block." 217 F.Supp.2d at 53.

The CID's own determination that "no Army interest" existed here, and the absence of the required probable cause finding, undermines the argument that Army regulations required including Holz's name in the title of the reports or precluded its later removal. Moreover, the unfair implication created by including Holz's name in the title of the records, as described in the Order, also weighs against the defense's argument here:

> The final ROI subject block contains Holz's full name, his birth date, his address, and the notations "Fatal Traffic Accident" and "Negligent Homicide," without any further explanation. A reasonable trier of fact would conclude that this information, in this format, suggests that Holz committed negligent homicide. Holz, however, was never found guilty of this offense. Rather, the only legal proceedings to arise from Holz's car accident—in the only legal system to possess jurisdiction over the matter—resulted in a dismissal of the charges, with no finding of guilt. Therefore, the suggestion in the ROI is not sufficiently accurate or complete to be fair to Holz.

This unfairness is underscored by the fact that the information contained in the ROI's subject block is automatically replicated in the database cataloguing the CID's investigatory activities and is thereby subject to dissemination. The risk of disclosure is not merely abstract, as demonstrated when the FBI obtained the information from the ROI and prepared a criminal history report of Holz based on it. Under such circumstances, Holz is entitled to have his name removed from the ROI's subject block.

*Id.* at 56–57. In these circumstances, it was not reasonable for the Army to insist on keeping Holz's name in the title of reports of an investigation that the Army concluded it had no interest in conducting. Because the defendant's recalcitrant position forced Holz to vindicate his rights through this litigation, I conclude that attorney fees are warranted under the Privacy Act.

Accordingly, it is this 13th day of July, 2004 hereby

ORDERED: that the plaintiff's motion for attorney fees (docket # 56) is GRANTED; and it is further

ORDERED: that the plaintiff is awarded $60,000, the amount agreed to by the parties, in attorney fees and expenses.